IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS RODGERS,
    Plaintiff,

vs.                                      Case No.: 3:06cv521/RV/EMT

PAUL GREATHOUSE, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, proceeding pro se and in forma pauperis, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1). This matter is now before the court on Plaintiff's amended complaint (Doc. 12). Service upon Defendants has not been ordered or effected.

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle

him to relief. Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997). Upon review of Plaintiff's amended complaint, the court concludes that it does not present an actionable claim.

Plaintiff names three Defendants in this action: Paul Greathouse and Amber Loar, residents of Pensacola, Florida, and Stephen C. Fisher, an officer with the Florida Highway Patrol (*see* Doc. 12 at 1, 2). Plaintiff alleges the following facts in support of his complaint.[1] On the evening of April 30, 2004, Plaintiff and Helen Nixon were traveling in a vehicle in Pensacola, Florida (*id.* at 3). They were stopped at a red light when a 1989 black Ford pickup truck driven by a white male rear-ended their vehicle (*id.*). Plaintiff and Ms. Nixon were injured in the accident (*id.*). Plaintiff approached the driver of the truck, and the other driver looked at him and suddenly drove off (*id.*). Plaintiff followed him and observed his license number (*id.*, continuation page 1). The truck eventually pulled into the driveway of a residence, and Plaintiff went to a store and reported the accident to law enforcement (*id.*). Plaintiff then returned to the scene of the accident and described the events to Defendant Fisher, a Florida Highway Patrol officer (*id.*). Plaintiff told Officer Fisher the license number of the truck and offered to show him the location of the other vehicle (*id.*). Paramedics arrived and recommended that Plaintiff go to a hospital for treatment of his injuries (*id.*). Plaintiff asked Officer Fisher whether he intended to contact the driver of the truck and bring him back to the scene, but Fisher refused to respond, refused to go to the other driver's residence, and refused to provide any information to Plaintiff (*id.*). A paramedic asked Plaintiff is he had been drinking, and Plaintiff responded "No" (*id.*, continuation page 2). The paramedic then spoke with Officer Fisher (*id.*). Officer Fisher asked Plaintiff if he had been drinking and then conducted a field sobriety test on Plaintiff (*id.*). Plaintiff and Ms. Nixon were transported to a hospital (*id.*). Defendant Fisher gave a copy of his report to Plaintiff via the paramedic, but the report was incomplete (*id.*). Defendant Fisher towed Plaintiff's vehicle from the scene without asking Plaintiff whether he wanted it towed and without telling him it would be towed (*id.*). Plaintiff discovered the location of his vehicle by going to a Highway Patrol office (*id.*).

---

[1] The court will deem as facts only the factual assertions contained in the amended complaint. The court will not deem as facts any information contained in exhibits attached to the complaint.

Case No.: 3:06cv521/RV/EMT

Plaintiff subsequently contacted Officer Fisher and asked whether he had found the other driver (*id.*, continuation page 3). Officer Fisher responded that he could not find the other driver or the vehicle, but he gave Plaintiff a form to locate the other driver. The other driver was never arrested (*id.*). Plaintiff alleges Officer Fisher aided the other driver in avoiding prosecution because the other driver was white and Plaintiff is black (*id.*).

Plaintiff claims that Officer Fisher violated his constitutional rights by failing to further investigate the accident or arrest the other driver, refusing to give Plaintiff information regarding where his vehicle had been towed, and refusing to give Plaintiff any information about the investigation (Doc. 12 at 4). As relief, Plaintiff seeks monetary relief (*id.*). He additionally demands "the source of probable cause" (*id.*).

Initially, Plaintiff has failed to state a basis for liability as to Defendants Paul Greathouse and Amber Loar. In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

> 1. whether the conduct complained of was committed by a person acting under color of state law; and
>
> 2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt).

In the instant case, the complaint contains no factual allegations concerning Defendants Greathouse and Loar. Furthermore, to the extent Plaintiff suggests that Mr. Greathouse was the driver of the other vehicle, Plaintiff was previously advised that a private party does not normally act under color of state law and, therefore, is not subject to suit under section 1983. *See* Dennis v. Sparks, 449 U.S. 24, 27–29, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1605, 26 L. Ed. 2d 142 (1970). Plaintiff was advised that to maintain this action against Defendants Greathouse and Loar, he must amend his complaint to allege facts showing that these individuals were acting under color of state law when the alleged constitutional violation occurred (*see* Doc. 6). Plaintiff's amended complaint contains no such

factual allegations; therefore, Plaintiff has failed to state a claim against the private party Defendants.

Additionally, Plaintiff has failed to state a constitutional claim against Officer Fisher based upon Fisher's failure to investigate the accident, arrest the other driver, and provide information to Plaintiff. As Plaintiff was previously advised (*see* Doc. 6), a public official or agency has no affirmative constitutional duty to a member of the public to investigate or intervene on an alleged crime. United States v. Spence, 719 F.2d 358, 361 (11th Cir.1983); *see also* DeShaney v. Winnebago County Dep't of Soc. Serv., 489 U.S. 189, 195–97, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989) (holding that Due Process Clause generally does not impose affirmative duty on states to aid or protect their citizens); Andrews v. Fowler, 98 F.3d 1069, 1078 (8th Cir. 1996); Scher v. Chief Postal Inspector, 973 F.2d 682, 683–84 (8th Cir. 1992); Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985); Beard v. O'Neal, 728 F.2d 894, 899 (7th Cir. 1984).

Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection. Watson v. City of Kansas City, 857 F.2d 690, 695 (10th Cir.1988); Wright v. City of Ozark, 715 F.2d 1513, 1516 (11th Cir.1983). To state a claim for an equal protection violation based on the unequal administration or enforcement of neutral statutes and policies, a plaintiff must show 1) that he is similarly situated to others who received different treatment and 2) that the different treatment was motivated by a discriminatory purpose. Strickland v. Alderman, 74 F.3d 260, 264 (11th Cir. 1996); E&T Realty v. Strickland, 830 F.2d 1107, 1112–13 (11th Cir. 1987). Thus, in order to state an equal protection claim, Plaintiff must first allege facts showing that he was similarly situated in the relevant aspects to those who received more favorable or different treatment. *See, e.g.*, Campbell v. Rainbow City, Ala., 424 F.3d 1306, 1314–17 (11th Cir. 2006) (rejecting an equal protection claim where developer had not established that other projects were similarly situated in terms of, *inter alia*, proposed use, number of variances sought, procedural status and documentation presented to zoning board); Oliver v. Scott, 276 F.3d 736, 746–47 (5th Cir. 2002) (rejecting equal protection claim where security-related policy treated male and female prisoners differently because male prisoners in a certain prison were more numerous and had been convicted of more violent offenses). Plaintiff must also allege Defendant Fisher acted with the intent to discriminate against him. Village of Arlington Heights v. Metro. Hous. Dev. Corp., 429

U.S. 252, 265, 97 S. Ct. 555, 563, 50 L. Ed. 2d 450 (1977).  Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient.  GJR Inv., Inc. v. County of Escambia, 132 F.3d 1359, 1367–68 (11th Cir. 1998).

In the instant case, Plaintiff does not allege facts showing that he was similarly situated in the relevant aspects to anyone who received more favorable or different treatment.  To the extent he claims that Officer Fisher treated him differently than the other driver by obtaining information from him and conducting a field sobriety test, the facts show that Plaintiff and the other driver were not similarly situated as Plaintiff was at the scene with Officer Fisher and the other driver was not.  Furthermore, Plaintiff's assertion that Officer Fisher's conduct was motivated by racial discrimination is based solely on Plaintiff's personal belief and is devoid of any facts to support this belief, despite this court's advising him that he must do so for his claim to survive dismissal (*see* Doc. 6).  Because Plaintiff's allegations fail to satisfy either of the elements of the equal protection analysis, his equal protection claim against Defendant Fisher should be dismissed.

For the aforementioned reasons, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED** with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida this 25th day of April 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**